IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:01-CV-515-BR(2)

| | |
|---|---|
| KATHLEEN HUMPHRIES, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | **FOR INJUNCTIVE RELIEF AND** |
| ) | **COMPENSATORY AND PUNITIVE** |
| v. ) | **DAMAGES UNDER TITLE VII OF THE** |
| ) | **CIVIL RIGHTS ACT OF 1964,** |
| PROFESSIONAL RECOVERY ) | **AND OTHER RELIEF** |
| CONSULTANTS, INC., ) | |
| ) | **(Jury Trial Requested)** |
| Defendant. ) | |

Comes now Plaintiff Kathleen Humphries by and through counsel and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964 and 1991, as amended, for compensation for lost wages and other injuries caused by Defendant's discrimination against Plaintiff Kathleen Humphries ("Plaintiff") because of her sex. Plaintiff was subjected to sexual discrimination and harassment and a hostile work environment.

## II. JURISDICTION & VENUE

2. Plaintiff seeks legal, equitable, and declaratory relief under Section 706 of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000 *et seq.* (as amended)("Title VII"). Jurisdiction is conferred upon this Court by 29 U.S.C. § 626(b)&(c), 28 U.S.C. §§ 1331, 1337 and 1367. The unlawful acts delineated herein occurred in Durham County, North Carolina. Jurisdiction and venue are appropriate within this district pursuant to 42 U.S.C. § 2000e-5(f)(3).

## III. PARTIES

3.  Plaintiff is a female citizen of the United States who was employed by Defendant as a fulltime Collector at Professional Recovery Consultants, from about September 1999 until about November 2000, when Defendant terminated her employment.

4.  Defendant Professional Recovery Consultants ("PRC") is a North Carolina corporation. PRC is engaged in the collection business in Durham, Durham County, North Carolina, and is an employer within the meaning of 42 U.S.C. § 2000e(b).

5.  PRC violated Section 703 and 704 of Title VII, 42 U.S.C. § 2000e-2(a) (sex discrimination and harassment) and 42 U.S.C. § 2000e-3(a) (retaliation) by terminating Plaintiff and otherwise discriminating against her with respect to the terms, conditions, and privileges of her employment because of her sex, and by retaliating against her as detailed in the following paragraphs.

6.  PRC is responsible for all acts committed by its agents, representatives and employees, within the scope of their employment.

## IV. FACTS

7.  On or about September 27, 1999, Plaintiff began work with PRC as a Collector in PRC's Durham facility.

8.  During the course of her employment, Plaintiff was repeatedly subjected to sexual harassment, specifically verbal communications of a sexual nature, sex-biased remarks, inappropriate touching, and requests for dates. The sexual harassment continued over a period of several months and included:

### A. From about September 1999 until about November 2000

Operations Manager Jeff Ivie often accompanied Plaintiff on smoking breaks. Manager Ivie made small talk with Plaintiff, asking her how long she had been married and if she was happily married. When Manager Ivie was on break with Plaintiff, he would walk behind Plaintiff and watch her go up steps, especially when she was wearing a skirt.

### B. Early Winter 1999

On a nearly daily basis, Jeff Ivie massaged Plaintiff's shoulders while she was on the telephone attempting to make collections. Manager Ivie sat on Plaintiff's desk and told Plaintiff that her fingernails looked "good" and "wild." Other female collectors commented to Plaintiff that Manager Ivie "had a thing" for Plaintiff, that he had a history of "having a thing" for collectors, and that he married a collector.

### C. Early Spring 2000

Plaintiff was on a break talking with co-worker Phyllis Stalker, when male co-workers Roach and Harold approached them. Mr. Roach put his hand in Plaintiff's coat pocket and said that she did not have any change in her pocket. He then grabbed her hip, with his fingers about half an inch from Plaintiff's crotch, stating "I can't pinch an inch on you." Mr. Roach grabbed Plaintiff so hard that he ripped her coat. Plaintiff told her direct supervisor, Tracy Maness, about the incident, and Ms. Maness replied, "He does everybody like that. What do you want me to do about it? I can't tell Jeff because look how he does women, and Steve Miller is going to take

up for Jeff [Ivie]." Ms. Maness further told Plaintiff that "it's not like anything will get done about it."

**D.     Late Spring / Early Summer 2000**

Plaintiff was on a break when Manager Ivie approached her. Plaintiff sat down on the steps and tried to avoid Manager Ivie as he sat down beside her and began to make small talk. Suddenly, Manager Ivie rubbed his fingers down Plaintiff's left leg in a sexual manner from her knee all the way down to her foot and stated, "You don't look like the type of girl who would have freckles." Plaintiff asked Manager Ivie what he meant by this comment. Manager Ivie smiled and said nothing. Plaintiff immediately returned to work.

**E.     Mid-Summer 2000**

Manager Ivie was having a party, and he asked Plaintiff if she were she planning to attend. Plaintiff told Manager Ivie that she was not planning on attending, but he insisted that she be there. Plaintiff finally told Manager Ivie that she would not be at his party; he then remarked that he would have to find someone to replace her at work. Prior to this time, Manager Ivie had invited Plaintiff to numerous after-work parties. Plaintiff informed Manager Ivie on each occasion that she was not able to go to any of the parties with him.

**F.     Mid-Summer 2000**

Manager Ivie approached Plaintiff as she sat outside alone on her break. Plaintiff commented on the numerous mosquitoes that were biting her, and Manager Ivie replied "yeah, and the main mosquito, me, just got out here."

- 4 -

## V. FIRST TITLE VII CLAIM FOR RELIEF

### (Sexual Harassment)

9. All of the allegations of all of the preceding paragraphs are incorporated by reference.

10. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f) *et seq.* prohibits discriminatory treatment in employment on the basis of sex, sexual harassment and a hostile workplace environment.

11. The conduct and communication of PRC, its agents, representatives and employees, substantially interfered with the employment of Plaintiff, and created an intimidating, hostile, and offensive work environment, in violation of 42 U.S.C. § 2000e-5(f) *et seq.*

12. PRC's conduct further violated 42 U.S.C. § 2000e-5(f) *et seq.* in that:

    A. PRC failed to provide Plaintiff with employment conditions and relationships where she could safely work, free from physical sexual harassment;

    B. PRC failed to respond promptly and properly to Plaintiff's complaints or sexual harassment;

    C. PRC failed to take appropriate action when it knew or should have known of the sexual harassment and the hostile environment it had allowed; and

    D. PRC failed to implement and enforce an effective anti-sexual harassment policy to its management, staff and employees.

13. On or about late October 2000, Plaintiff complained to a co-worker, Chris [last name unknown] that Manager Ivie was sexually harassing her.

- 5 -

14. On or about November 3, 2000, Manager Ivie spoke to Plaintiff is his office. Ivie began the conversation by asking Plaintiff why she was saying that he was sexually harassing her. Manager Ivie then terminated Plaintiff's employment.

## VI. SECOND TITLE VII CLAIM FOR RELIEF

### (Sex Discrimination and Retaliation)

15. All of the allegations of all of the preceding paragraphs are incorporated by reference.

16. On or about November 3, 2000, Defendant unlawfully discriminated and retaliated against Plaintiff because of Plaintiff's sex and in retaliation for having opposed an employment practice made unlawful by Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e *et seq.*, in violation of § 703 of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e-2(a), and § 704 of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e-3(a).

## VII. DAMAGES

17. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income including, but not limited to, wages, social security, pension and seniority benefits, and other benefits due her in an amount in excess of ten thousand dollars ($10,000.00).

18. As a further direct and proximate result of said unlawful employment practices, Plaintiff Kathleen Humphries has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation.

19. The aforesaid conduct of PRC and its employees was willful within the meaning of Title VII because PRC and its employees intentionally and knowingly created and tolerated the

aforesaid pervasively hostile work environment by its supervisory and management staff in PRC's Durham, North Carolina facility. PRC has engaged in the discriminatory pattern and practices alleged herein with malice or with reckless indifference to Plaintiff's federally protected rights, and PRC is liable for punitive damages pursuant to Title VII in an amount in excess of ten thousand dollars ($10,000.00).

20. Plaintiff timely filed a charge of sex discrimination, harassment, and retaliation against PRC with the EEOC. On a date after April 9, 2001, Plaintiff received a "Notice of Right to Sue" from the EEOC, stating that she had 90 days from its receipt to file a civil action against PRC. This Complaint is filed within the requisite time period.

## VIII. JURY TRIAL REQUESTED

21. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff, Kathleen Humphries respectfully requests this Court provide the following equitable and legal relief:

    A.    Order a permanent injunction prohibiting PRC from further acts of sex discrimination, sexual harassment and retaliation;

    B.    Award Plaintiff reinstatement, appropriate back pay, front pay, future earnings, and reimbursement for income and fringe benefits lost since her separation from employment, plus interest so as to render Plaintiff whole from the unlawful discharge;

    C.    Award Plaintiff costs of litigation, including reasonable attorney fees and witness fees;

D.  Grant judgment against PRC, in excess of ten thousand dollars ($10,000.00) compensatory damages to which Plaintiff is found to be entitled, together with interest;

E.  Grant judgment against PRC, in excess of ten thousand dollars ($10,000.00) punitive damages to which Plaintiff is found to be entitled;

F.  A trial by jury on all issues so triable; and

G.  Any other additional relief that is appropriate and just.

This the 9th day of July, 2001.

SCHILLER LAW FIRM, L.L.P.

By: _____
David G. Schiller (NCSB # 26713)
Marvin Schiller (NCSB # 6838)
Two Hannover Square, Suite 1250
434 Fayetteville Street Mall
Raleigh, NC 27601
Telephone: (919) 836-8800
Facsimile: (919) 836-8838
Attorneys for Plaintiff